UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60404-RAR
(18-CR-60002-RAR)

**LUIS NAPOLIS**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** comes before the Court on a *pro se* Motion to Vacate under 28 U.S.C. § 2255 ("Motion") with an accompanying Memorandum in which Movant challenges his convictions and sentences for conspiracy to possess with intent to distribute over 500 grams of cocaine and possession with intent to distribute over 500 grams of cocaine, entered in Case No. 18-CR-60002-RAR. *See* Mot. [ECF No. 1]; Memo. [ECF No. 3]. The Government submitted a Response [ECF No. 8], and Movant filed a Reply [ECF No. 11]. Having carefully reviewed the record, and for the reasons stated herein, the Motion is **DENIED.**

## APPLICABLE LAW

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and

'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). If "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## ANALYSIS

### I. *Ground One*

Movant, in Ground One, claims his Counsel "was ineffective for not arranging a mental health evaluation for [him]" even though Counsel knew Movant was "mentally ill." Mot. at 4. As Movant sees it, his Counsel should have halted the criminal proceedings by arguing Movant was incompetent to stand trial. *Id.*

"Defendants have a right under the Due Process Clause of the Fifth Amendment not to be tried or convicted while incompetent." *United States v. Cometa*, 966 F.3d 1285, 1291 (11th Cir. 2020). Even so, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the

charges." *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (cleaned up). "Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." *Id.*

Mental incompetence to stand trial, instead, turns entirely on whether a defendant "possesses the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Cometa*, 966 F.3d at 1291 (cleaned up); *see also Dusky v. United States*, 362 U.S. 402, 402 (1960) (explaining the focus is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."); *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005) (defining incompetency as "suffering from a mental disease or defect rendering defendant mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (cleaned up)).

The burden of proving incompetency rests on the defendant, who enjoys "no presumption of incompetency." *Medina*, 59 F.3d at 1106 (cleaned up). To meet this burden, a defendant must rely on "clear and convincing evidence creating a real, substantial and legitimate doubt as to his competence to stand trial." *Id.* (cleaned up).

Movant has advanced this claim of incompetency, however, under a theory of ineffective assistance. *See* Mot. at 4. For this reason, the Court must consider Counsel's performance while remembering that a "defendant's attorney is in the best position to determine whether the defendant's competency is suspect." *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996). "[F]ailure of defense counsel to raise the competency issue at trial, while not dispositive, is evidence that the defendant's competency was not really in doubt and there was no need for a [competency] hearing. *Id.* And, of course, all ineffective assistance of counsel claims begin with

the presumption that Counsel's performance was reasonable. *See Strickland*, 466 U.S. at 689 ("[A] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

Movant has not advanced any factual allegations showing how his attorney should have *known* that he was so mentally ill that he should be deemed incompetent to stand trial. *See* Mot.; Memo. He simply insists that his "[C]ounsel knew." Memo. at 2. Without specific allegations establishing Counsel's awareness of a potential competency issue, Movant has failed to overcome the presumption that Counsel performed reasonably. *See Strickland*, 466 U.S. at 689. This is especially true in this case because Movant's factual content fails to meet the applicable heightened pleading requirements in habeas-related cases. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate fact pleading as opposed to notice pleading, as authorized under Federal Rule of Civil Procedure 8(a) . . . . [Thus,] habeas corpus petitions [and related actions] must meet heightened pleading requirements." (cleaned up)).

Further, the Court is confident that Movant cannot overcome the presumption of reasonable conduct because defense counsel is in the "best position" to evaluate their client's need for a competency evaluation. *See Watts*, 87 F.3d at 1288. On this basis alone, Movant has failed to satisfy the deficiency prong.[1]

---

[1] Movant's allegations of a low I.Q., limited educational background, inability to understand English, and claims of being "slow" are also not enough to alert Counsel that a competency evaluation was necessary. *See generally* Mot.; Memo. True, the Presentence Investigation Report ("PSI") shows Movant's sister expressed concern about Movant's increasing "forgetfulness" and wanted "him to be checked out by mental health professionals." PSI ¶ 67. But this does not rise to the level of requiring a competency hearing if Counsel can still confer with his client and Movant can "assist" in his defense. *See Battle*, 419 F.3d at 1298. Notably, Movant never says he could *not* confer with his attorney. *See* Mot.; Memo. This would provide the Court with additional grounds to find Counsel's conduct reasonable. *See Chandler*, 218 F.3d at 1315 (holding counsel is presumed not to have performed deficiently unless "no competent counsel would have taken the [challenged] action").

Nor can Movant show prejudice.  The record confirms Movant responded appropriately on his decision not to testify at trial.  *See* Tr. of Closing Statements, *United States v. Napolis*, No. 18-CR-60002-RAR (S.D. Fla. Apr. 17, 2018), [ECF No. 71] at 3–6.  And Movant spoke well enough at sentencing.  *See* Tr. of Sentencing Hearing, *United States v. Napolis*, No. 18-CR-60002-RAR (S.D. Fla. Apr. 17, 2018), [ECF No. 103] at 24–25.  Since the Court sees nothing in the record corroborating Movant's conclusory averment to being incompetent to stand trial, he has not met his burden in showing a reasonable probability that the Court would have granted a competency hearing and later determined that he was incompetent to stand trial.  *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  Ground One is thus denied.

## II.  Ground Two

Movant, in Ground Two, claims his Counsel was ineffective at sentencing by not arguing that the career offender enhancement does not apply to him.  Mot. at 5.  In his Memorandum, Movant clarifies that he thinks the Court improperly imposed his career offender status because he served only "a sixty (60) day sentence . . . for Aggravated Battery with a Deadly Weapon" and "forty-one (41) days" for his "delivery charge."  Memo. at 4.

This claim is refuted by the record because Counsel, indeed, sought to challenge Movant's designation as a career offender.  *See* Obj. to PSI, *United States v. Napolis*, No. 18-CR-60002-RAR (S.D. Fla. May 22, 2018), [ECF No. 83] at 9–10.  Even so, the Court shall address the merits. "A defendant is considered a 'career offender' under the Sentencing Guidelines if (1) 'the defendant was at least eighteen years old at the time' of the current offense of conviction, (2) the current offense of conviction is 'a felony that is either a crime of violence or a controlled substance offense,' and (3) 'the defendant has at least two prior felony convictions of either a crime of

violence or a controlled substance offense.'" *United States v. Samuel*, 826 F. App'x 806, 808 (11th Cir. 2020) (quoting U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a)).

"A 'controlled substance offense' is a federal or state-law offense, *punishable by more than one year of imprisonment*, 'that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.'" *Id.* (quoting U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b)) (emphasis added).

Here, Movant never claims that he was under the age of eighteen when he committed the crimes at issue or suggests the current offense is not a qualifying felony. *See generally* Mot.; Memo. As such, he has forfeited any argument on those points. *See, e.g.*, *United States v. Campbell*, No. 16-10128, 2022 WL 468677, at *7 (11th Cir. Feb. 16, 2022) (concluding that the "failure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* [only] in extraordinary circumstances").

Such an argument, moreover, would be futile. Movant was over seventy years old when he committed his crimes in 2017, *see* PSI at 3 (showing Movant's birthdate is "February 20, 1938"), so the first requirement is plainly met, *see Samuel*, 826 F. App'x at 808. And, as to the second requirement, each of his federal convictions in the underlying criminal case—*i.e.*, (1) conspiracy to possess with intent to distribute and (2) possession with intent to distribute—qualify as controlled substance offenses. *See United States v. Pridgeon*, 853 F.3d 1192, 1199 (11th Cir. 2017) ("[A] conviction for conspiracy to possess with intent to distribute [a controlled substance] is a 'controlled substance offense' under the career offender guideline."); *United States v. Smith*, 54 F.3d 690, 692 (11th Cir. 1995) ("Looking at the elements of attempted possession with intent to deliver cocaine, we conclude that the conviction at issue is a controlled substance offense." (cleaned up)).

The Court moves on to the third requirement—whether Movant has two qualifying prior felonies. Movant, in 2010, was convicted of possession with intent to sell, manufacture, and deliver cocaine in a Florida state court. PSI ¶ 41. He pled guilty and served 41 days in jail. *Id.* Movant, however, says that conviction does not qualify as a controlled substance offense because he served *only* 41 days in jail. Memo. at 4. In doing so, Movant overlooks that the crime must be "*punishable by more than one year of imprisonment*," not that he served a prison sentence in excess of a year. U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b)) (emphasis added).

Movant is also wrong. "Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony." *United States v. Martin*, 719 F. App'x 881, 883 (11th Cir. 2017) (citing Fla. Stat. §§ 893.03(2)(a), 893.13(1)(a)(1)). "Second-degree felonies [in Florida] are punishable by up to 15-years imprisonment." *Id.* Lastly, and more importantly, the Eleventh Circuit has repeatedly deemed convictions for possession with intent to sell or deliver, in violation of Fla. Stat. § 893.13, as a controlled substance offense. *See, e.g.*, *Samuel*, 826 F. App'x at 808; *United States v. Kelly*, 813 F. App'x 466, 467 (11th Cir. 2020); *United States v. Chandler*, 603 F. App'x 789, 791 (11th Cir. 2015). This means Movant has at least one qualifying offense.

Movant also asserts that he is not a career offender because he served "a sixty (60) day sentence . . . for [his Florida conviction of] Aggravated Battery with a Deadly Weapon." Memo. at 4. Again, Movant rests on his erroneous assumption that a career offender enhancement is unwarranted if the sentence served on a prior felony was less than one year of imprisonment. *See* U.S. SENTENCING GUIDELINES § 4B1.2 (showing a "crime of violence" and a "controlled substance offense" requires that such an offense be "punishable by imprisonment for a term exceeding one year").

Movant is also mistaken because he was not convicted of aggravated battery with a deadly weapon. The record shows he had a prior conviction of aggravated *assault* with a deadly weapon in 2013. PSI ¶ 42. This changes nothing, though, because a Florida conviction for aggravated assault is a predicate offense. *See United States v. Dominguez*, 426 F. App'x 715, 717 (11th Cir. 2011) ("Dominguez's prior conviction for aggravated assault qualifies as a predicate offense for the career offender enhancement."); *United States v. Cole*, No. 3:19CR143/MCR, 2021 WL 488329, at *1 (N.D. Fla. Feb. 10, 2021) ("[A]ggravated assault with a deadly weapon under Fla. Stat. § 784.021(1)(a) is a crime of violence."); *Hires v. United States*, No. 8:07-CR-120-T-30TGW, 2011 WL 3566701, at *3 (M.D. Fla. Aug. 12, 2011) ("[T]he Florida offense of aggravated assault with a deadly weapon constitutes a crime of violence for career offender purposes.").

Movant also provides no suggestion as to what his Counsel should have argued to prove otherwise. *See generally* Mot.; Memo. This factual deficiency gives the Court additional grounds to deny this claim, *see Borden*, 646 F.3d at 810 (finding a "heightened pleading" standard applies on collateral review), because it would fail to sufficiently plead prejudice, *see Strickland*, 466 U.S. at 694.

In sum, Movant's Counsel was not ineffective because it appears any claim that the career offender enhancement did not apply would have been futile. *See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance."); *Diaz v. Sec'y, Fla. Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) ("[A]ppellate counsel, therefore, is not ineffective for failure to raise a meritless argument."). Alternatively, Movant has failed to meet his burden of proving Counsel was ineffective when, after all, Counsel advanced *some* argument for why that enhancement should not apply and Movant has not supplied any factual content to justify why that performance was anything less than reasonable. *See McNair v. Campbell*, 416 F.3d 1291, 1301 (11th Cir. 2005) ("[T]he burden is on the convicted

defendant to show that counsel's performance was unreasonable."). For this reason, the Court finds that Counsel performed reasonably, and that prejudice has not been shown here. Ground Two is thus denied.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the correctness of the Court's rulings debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is **DENIED**. Any request for a certificate of appealability is **DENIED**, and an evidentiary hearing is **DENIED**. All deadlines

are **TERMINATED**, and any pending motions are **DENIED** as moot. Accordingly, this case is **CLOSED**.

      **DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of March, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Luis Napolis, *pro se*
       counsel of record